# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

| | |
|---|---|
| ABT, INC. ) | |
| ) | |
| Plaintiff, ) | Case No.: 5:15-cv-24 |
| ) | |
| v. ) | |
| ) | |
| TEXTILE MANAGEMENT ASSOCIATES, ) | **JURY TRIAL DEMANDED** |
| INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff ABT, Inc. ("ABT" or "Plaintiff") hereby files this Complaint for Declaratory Relief of Patent Non-infringement against Defendant Textile Management Associates, Inc. ("TMA" or "Defendant") and alleges as follows:

## NATURE OF THE CASE

1. This is an action for Declaratory Judgment and other relief brought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. Plaintiff seeks a declaratory judgment that Plaintiff has not infringed any patent rights purportedly owned by Defendant. In particular, Plaintiff seeks a declaratory judgment that Plaintiff's products do not infringe U.S. Patent No. 6,858,272 ("the '272 patent").

## PARTIES

2. ABT is a corporation organized and existing under the laws of the State of North Carolina, and is authorized to do business in the State of North Carolina. ABT has a principal place of business in Iredell County, North Carolina.

3. On information and belief, TMA is a corporation organized and existing under the laws of Georgia with its headquarters and principal place of business at 745 College Drive, Dalton, Georgia 30720.

## JURISDICTION AND VENUE

4. This is a declaratory judgment action brought under 28 U.S.C. §§ 2201-02.

5. This Court has jurisdiction over the subject matter of this action pursuant to the following statutes:

    (a) 28 U.S.C. § 1331, this being a civil action arising under the laws of the United States;

    (b) 28 U.S.C. § 1337(a), this being a civil action arising under an Act of Congress regulating commerce and protecting trade and commerce; and

    (c) 28 U.S.C. § 1338(a), this being a civil action arising under an Act of Congress relating to alleged patent rights.

6. This Court may declare the rights and other legal relations of the parties in this case under 28 U.S.C. § 2201, and Rule 57, Fed.R.Civ.P., because an actual and justiciable controversy exists concerning the rights of, and legal relations between, Plaintiff and Defendant.

7. This Court has personal jurisdiction over Defendant consistent with the principles underlying the U.S. Constitution and N.C. Gen. Stat. § 1-75.4.

8. On information and belief, Defendant has regularly and intentionally conducted business in this State and District, and is subject to personal jurisdiction in this State and District by virtue of its contacts here.

9. On information and belief, Defendant has conducted business in this State and District by, *inter alia*, offering for sale products and/or services, selling products and/or services,

providing a website, sending solicitations, and otherwise engaging in business activities within this State and District.

10. On information and belief, Defendant's products are offered for sale to customers residing in this State and District and have been sold to customers in this State and District.

11. Venue is proper in this Court under the provisions of 28 U.S.C. § 1391. Plaintiff is located in this District, a substantial part of the events giving rise to Plaintiff's claims occurred in this State and District, and Defendant is subject to personal jurisdiction in this State.

## FACTS RELATED TO ALL COUNTS

12. Plaintiff hereby realleges and incorporates by reference paragraphs 1-11 as if fully set forth herein.

13. Defendant, through its counsel, has alleged that Plaintiff has violated federal patent laws and has attempted to enforce its alleged patent rights against Plaintiff. Specifically, Defendant has accused Plaintiff of patent infringement through the sale and offer for sale of the SportsEdge® Terminator™ surface drainage system.

14. In a letter dated January 22, 2015, Defendant, through its counsel, accused Plaintiff of infringing the '272 patent.

15. On information and belief, and contrary to Defendant's allegations, Plaintiff has not infringed any of Defendant's purported rights and is not liable to Defendant for patent infringement or any other federal, state, or common law causes of action, in law or in equity.

16. On information and belief, Plaintiff is not liable to Defendant for any fees, monetary damages, or any other relief Defendant now claims.

# COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF U.S. PATENT NO. 6,858,272

17. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-16 as if fully set forth herein.

18. Defendant has threatened Plaintiff's business in this State and District and elsewhere by accusing Plaintiff of unlawful actions, including infringement of the '272 patent.

19. Plaintiff has not infringed any claim of the '272 patent.

20. Plaintiff is legally permitted to make, import, use, sell, and offer to sell SportsEdge® Terminator™ surface drainage systems and otherwise conduct its business activities without permission, involvement, or interference from Defendant.

21. There is an actual and substantial controversy between Plaintiff and Defendant of sufficient immediacy and reality to warrant the rendering of a declaratory judgment by this Court.

22. Plaintiff is entitled to a judgment declaring that it has not violated any purported rights of Defendant under federal, state, or common law and is not liable to Defendant for any claims, including any claim for patent infringement concerning the '272 patent.

WHEREFORE, Plaintiff prays for the entry of a judgment:

A. Declaring that Plaintiff has not infringed or otherwise violated any purported rights of Defendant, including any provisions of 35 U.S.C. § 101 *et seq.* or any other asserted federal, state, or common law laws;

B. Finding this case exceptional in favor of Plaintiff pursuant to 35 U.S.C. § 285, and awarding Plaintiff its costs and reasonable attorney fees;

C. Granting Plaintiff a speedy hearing pursuant to Rule 57, Fed. R. Civ. P.; and

D. Granting Plaintiff any such further legal and equitable relief as the Court may deem just and proper.

**JURY TRIAL DEMAND**

Plaintiff respectfully requests that all issues so triable be tried by and before a jury.

Respectfully submitted this the 16th day of February, 2015.

s/ J. Mark Wilson
J. Mark Wilson
N.C. State Bar Number 25763
Benjamin R. Huber
N.C. State Bar Number 40721
MOORE & VAN ALLEN PLLC
100 North Tryon Street
Suite 4700
Charlotte, NC 28202-4003
Telephone: 704-331-1000
Facsimile: 704-331-1159
Email: markwilson@mvalaw.com
benjaminhuber@mvalaw.com

*Attorneys for Plaintiff*
